## *In the United States District Court*
## *for the Northern District of Illinois*
## *Eastern Division*

| | |
|---|---|
| Kathleen Ryl-Kuchar, <br><br> plaintiff, <br><br> – v – <br><br> Extended Care Consulting, LLC, an Illinois limited liability company; Extended Care Clinical, LLC, an Illinois limited liability company; Extended Care Financing, LLC, an Illinois limited liability company; and Eric Rothner, <br><br> defendants. | |

**Complaint for Successor Liability under the Family and Medical Leave Act of 1993 and for Other Relief**

Plaintiff Kathleen Ryl-Kuchar complains as follows against the defendants:

## Nature of action

1. This Complaint arises under the United States Department of Labor's successorship regulations under the Family and Medical Leave Act of 1993 [29 C.F.R. §825.107 implementing 29 U.S.C. §2611(4)(a)(ii)(II)] and concerns plaintiff Kathleen Ryl-Kuchar's attempt to enforce against Care Centers's successors and CEO/controlling shareholder a judgment she won against Care Centers, Inc.

## Parties

2. Plaintiff is Kathleen Ryl-Kuchar.

3. Defendants are:

    a) Extended Care Consulting, LLC, an Illinois limited liability company,

      b)      Extended Care Clinical, LLC, an Illinois limited liability company,

      c)      Extended Care Financing, LLC, an Illinois limited liability company, and

      d)      Eric Rothner.

4. This Complaint will, from time-to-time, refer to Extended Care Consulting, LLC, Extended Care Clinical, LLC, and Extended Care Financing, LLC, jointly as "the Extended Care entities".

**Underlying judgment**

5. A verdict in favor of Ms. Ryl-Kuchar and against Care Centers, Inc., was unanimously returned by a jury on a claim under the Family and Medical Leave Act of 1993 in <u>Ryl-Kuchar v. Care Centers, Inc.</u>, #05 C 3223, United States District Court for the Northern District of Illinois. That verdict was returned on May 2, 2008.

6. Judgment on that verdict was entered in Ms. Ryl-Kuchar's favor and against Care Centers, Inc., on June 16, 2008. That judgment included pre-judgment interest, liquidated damages, and other relief under the Family and Medical Leave Act of 1993.

7. That judgment was affirmed by the United States Court of Appeals for the Seventh Circuit on June 2, 2009.

8. After the entry of that judgment, the amount due under that judgment has been increased by a fee petition granted in Ms. Ryl-Kuchar's favor and against Care Centers, Inc., in the amount of $260,486.00, a supplemental fee petition

granted in Ms. Ryl-Kuchar's favor and against Care Centers, Inc., in the amount of $83,026.25, and costs taxed in Ms. Ryl-Kuchar's favor and against Care Centers, Inc., in the amount of $6,599.47.

9. As of the filing of this Complaint, the principal amount of that judgment was $435,565.06, as follows:

| | |
|---|---|
| Original Judgment | $85,453.34 |
| Fee Petition | $260,486.00 |
| Supplemental Fee Petition | $83,026.25 |
| Costs taxed | $6,599.47 |
| Grand total | $435,565.06 |

10. In addition to this principal amount, that judgment also carries post-judgment interest, as provided by 28 U.S.C. §1961.

11. As of the filing of this Complaint, none of the principal amount of that judgment nor of the post-judgment interest has been paid.

**Care Centers's officers' and owner's knowledge of the verdict and judgment**

12. When the verdict was returned and when the judgment was entered, among other times, Eric Rothner was the controlling shareholder of Care Centers, Inc., a director of Care Centers, Inc., and an officer of Care Centers, Inc.

13. Eric Rothner attended at least some of the trial in Ryl-Kuchar v. Care Centers, Inc., #05 C 3223, United States District Court for the Northern District of Illinois.

14. During that trial, Eric Rothner was identified to the jury as sitting in the courtroom.

15. Within a reasonable time after the jury returned its unanimous verdict in favor of Ms. Ryl-Kuchar and against Care Centers, Eric Rothner became aware of that verdict.

16. Within a reasonable time after the entry of the judgment in favor of Ms. Ryl-Kuchar and against Care Centers, Eric Rothner became aware of that judgment.

17. When the verdict was returned and when the judgment was entered, among other times, Mark Steinberg was Chief Operating Officer of Care Centers, Inc.

18. Mark Steinberg was Care Centers's corporate representative at the trial and testified several times at the trial.

19. Within a reasonable time after the jury returned its unanimous verdict in favor of Ms. Ryl-Kuchar and against Care Centers, Mark Steinberg became aware of that verdict.

20. Within a reasonable time after the entry of the judgment in favor of Ms. Ryl-Kuchar and against Care Centers, Mark Steinberg became aware of that judgment.

**Eric Rothner drains Care Centers of money following the verdict**

21. Within three or four months following the return of the unanimous verdict in favor of Ms. Ryl-Kuchar and against Care Centers, Care Centers paid Eric Rothner approximately $900,000.

22. David Aronin, the Chief Financial Officer of Care Centers, Inc., stated under oath that there was no written instrument evidencing any loan that Care

Centers owed to Eric Rothner when Care Centers paid Mr. Rothner this approximately $900,000.

23.     When Care Centers paid Eric Rothner this approximately $900,000, neither Care Centers nor Mr. Rothner had made any provision to pay any or all of the judgment amount to Ms. Ryl-Kuchar.

**Rothner and Care Centers create successor entities**

24.     In approximately August and/or September 2008, Care Centers, Inc., transferred almost all of its assets to its controlling shareholder Eric Rothner, who then further transferred those assets to some or all of the Extended Care entities.

25.     The remainder of Care Center's assets, which were certain vehicles, were transferred directly from Care Centers to some or all of the Extended Care entities in approximately February 2009.

26.     After Ms. Ryl-Kuchar began proceedings against Care Centers in approximately October 2008 to collect her judgment, Care Centers claimed that it had no assets to pay the judgment

27.     Care Centers filed for bankruptcy in October 2009.

28.     Care Centers is currently unable to provide relief to Ms. Ryl-Kuchar.

29.     David Aronin, who, in addition to being the Chief Financial Officer and the last remaining director of Care Centers, Inc., was a manager of some or all of the Extended Care entities, stated under oath on or about November 17, 2009, before the Trustee in the Care Centers bankruptcy, that some or all of the Extended Care entities do the same business as did Care Centers, from the same location, with

the same employees, the same office equipment, the same telephone number, and the same website.

30. Employees of some or all of the Extended Care entities wrote and signed checks from Care Centers' bank accounts when Care Centers was in the process of "shutting down".

31. Some or all of the Extended Care entities paid legal bills for Care Centers after August 2008, including legal bills for work done for Care Centers in Ms. Ryl-Kuchar's case against it.

32. Some or all of the Extended Care entities engage in the same or substantially similar business operations as did Care Centers.

33. Some or all of the Extended Care entities provide the same or substantially similar services as did Care Centers.

34. Some or all of the Extended Care entities use the same office as did Care Centers.

35. Some or all of the Extended Care entities use the same or substantially similar equipment as did Care Centers.

36. Some or all of the Extended Care entities use the same phone numbers as did Care Centers.

37. Some or all of the Extended Care entities employ the same or substantially the same employees as did Care Centers.

38. Some or all of the Extended Care entities maintain the same or substantially similar jobs and working conditions as did Care Centers.

39. Some or all of the Extended Care entities have the same or substantially similar supervisory personnel as did Care Centers.

40. Some or all of the Extended Care entities had notice of the judgment in <u>Ryl-Kuchar v. Care Centers, Inc.</u>, #05 C 3223, United States District Court for the Northern District of Illinois, when the assets of Care Centers were transferred to them.

**Jurisdiction and venue**

41. This Court has federal-question jurisdiction of this Count under §1331 of the Judicial Code [28 U.S.C. §1331] and supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

42. The causes-of-action pled in this Complaint arose in the Northern District of Illinois, and defendants are all resident in that District. Venue is proper under §1391 of the Judicial Code [28 U.S.C. §1391].

## Count I
## FMLA successor liability against Extended Care entities

43. Ms. Ryl-Kuchar realleges paragraphs 1 though 42 of this Complaint.

**Department of Labor Family & Medical Leave Act successorship regulation**

44. At all times relevant to this Complaint, there was in full force and effect a regulation of the United States Department of Labor on whether a company is a "successor" for purposes of the Family and Medical Leave Act of 1993. <u>See</u>, 29 C.F.R. §825.107, <u>implementing</u> 29 U.S.C. §2611(4)(a)(ii)(II).

45. That regulation states that the following factors "viewed in their entirety" are to be used to determine successorship under the Family and Medical Leave Act of 1993:

> "(1) Substantial continuity of the same business operations;
>
> (2) Use of the same plant;
>
> (3) Continuity of the work force;
>
> (4) Similarity of jobs and working conditions;
>
> (5) Similarity of supervisory personnel;
>
> (6) Similarity in machinery, equipment, and production methods;
>
> (7) Similarity of products or services; and
>
> (8) The ability of the predecessor to provide relief."

See, 29 C.F.R. §825.107, implementing 29 U.S.C. §2611(4)(a)(ii)(II).

**Extended Care entities are successors to Care Centers under the regulations**

46. Some or all of the Extended Care entities are successors to Care Centers, Inc., under the Department of Labor's Family and Medical Leave Act successorship regulation.

47. The Extended Care entities have not shared their inter-corporate structure with Ms. Ryl-Kuchar. Ms. Ryl-Kuchar will dismiss those Extended Care entities (if any) that discovery establishes were not successors of Care Centers for purposes of the Department of Labor's Family and Medical Leave Act successorship regulation.

*Wherefore,* plaintiff Kathleen Ryl-Kuchar prays for judgment in her favor and against the defendants Extended Care Consulting, LLC, Extended Care Clinical, LLC, and Extended Care Financing, LLC, jointly and severally, for:

   a.   $435,565.06 plus post-judgment interest on the judgment in Ryl-Kuchar v. Care Centers, Inc., #05 C 3223, United States District Court for the Northern District of Illinois,

   b.   Reasonable attorneys' fees for this action,

   c.   Costs of this action, and

   d.   Such other relief as this Court deems just and reasonable.

## Count II
## Breach of fiduciary duty against Eric Rothner

48.   Ms. Ryl-Kuchar realleges paragraphs 1 though 42 of this Complaint.

**Rothner breaches his fiduciary duties to Ms. Ryl-Kuchar**

49.   When, post-verdict and post-judgment, Care Centers paid all or some of the above-referenced approximately $900,000 to Eric Rothner, Care Centers was insolvent and/or in the zone of insolvency.

50.   Alternatively, that post-verdict and post-judgment payment of approximately $900,000 by Care Centers to Eric Rothner made Care Centers insolvent and/or put Care Centers in the zone of insolvency.

51.   Because Care Centers was insolvent and/or in the zone of insolvency Eric Rothner owed to, among others, Ms. Ryl-Kuchar, a fiduciary duty not to favor himself over the creditors of Care Centers.

52. By the acts and/or omissions pled, Eric Rothner breached this fiduciary duty to Ms. Ryl-Kuchar.

53. As a proximate result of that breach of fiduciary, Ms. Ryl-Kuchar has been damaged.

***Wherefore,*** plaintiff Kathleen Ryl-Kuchar pray for judgment in her favor and against the defendant, Eric Rothner, for:

a. $435,565.06 plus post-judgment interest on the judgment in Ryl-Kuchar v. Care Centers, Inc., #05 C 3223, United States District Court for the Northern District of Illinois,

b. Reasonable attorneys' fees for this action,

c. Costs of this action, and

d. Such other relief as this Court deems just and reasonable.

Kathleen Ryl-Kuchar<br>
Plaintiff,

By:  s/David L. Lee  <br>
One of her attorneys

David L. Lee  
ARDC #1604422  
LAW OFFICES OF DAVID L. LEE  
53 W. Jackson Blvd., Suite 505  
Chicago, IL 60604  
d-lee@davidleelaw.com  
312-347-4400

Catherine Caporusso  
ARDC #6228965  
LAW OFFICE OF CATHERINE CAPORUSSO  
53 W. Jackson Blvd., Suite 505  
Chicago, IL 60604  
ccaporusso@yahoo.com  
312-933-0655